IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KILAT | ) | CASE NO. 1:10CV1666 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| CHRISTINE KILAT | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* James Kilat filed this action under 28 U.S.C. §§ 1331, federal question, and 1332, diversity of citizenship, against his ex-wife, Christine Kilat, who resides in Salina, Kansas. In his Complaint, he alleges that she deprived him of due process by seeking and obtaining a divorce in the Salina County Court without following certain ethnic customary divorce procedures. He requests injunctive relief from the divorce order, removal of a block on the renewal of his passport and $275,000.00 in damages. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF 2). For the reasons that follow, Plaintiff's Complaint is **dismissed**.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims as a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 \* 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Court of Appeals for the Sixth Circuit uses a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine bars a

district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

The issues, if any, raised by the Plaintiff relate to his divorce case. This Federal Court cannot act as a court of appeals as to state court decisions even if Plaintiff alleges that the state court proceedings were improper or unconstitutional. Thus, any claim under federal law or diversity of citizenship is without merit.

Moreover, 42 U.S.C. § 1983 provides a right of action for violation of federal rights or guarantees. *Gardner v. City of Cleveland*, 656 F. Supp.2d 751, 758 (N.D. Ohio, 2009). In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant Kilat is a private party and could not have been acting under color of state law.

Finally, because the propriety of this action involves a divorce decree, a further exception to this Court's jurisdiction applies. The domestic relations doctrine is an exception to federal subject matter jurisdiction and diversity jurisdiction for matters concerning divorce, alimony and child

custody. *Tokarczyk v. A.G. Edwards and Sons, Inc*, 2009 WL 1025392 * 3 (E.D. Mich. Apr. 15, 2009)(citing *Ex parte Burrus*, 136 U.S. 586 (1890); *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)). Since Plaintiff requests that his divorce be vacated, the domestic relations exception applies.

For all these reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              **s/ Kathleen M. O'Malley**
                                              JUDGE KATHLEEN M. O'MALLEY
                                              UNITED STATES DISTRICT JUDGE

DATED: September 28, 2010